(60 Misc. Rep. 326.)

PEOPLE ex rel. STERLING v. SHERIFF OF NASSAU COUNTY.

(Supreme Court, Special Term, Kings County. August 6, 1908.)

GAMING—CRIMINAL RESPONSIBILITY—COMMON GAMBLING—RECORDING BETS.

Pen. Code, § 351, provides that any person who engages in bookmaking, etc., or who keeps any place with books, etc., for recording wagers, or sells pools upon the result of any contingency, or keeps any device for the purpose of recording such wagers, etc., is guilty of a felony. Relator was charged with betting with another upon the result of a game of golf about to be played between them, and recording the bet on a card. *Held*, that the statute applied only to persons who engaged in recording bets as a practice or business, and did not apply to ordinary bets, nor the making of a memorandum of such bets, that not being a crime under the statute, and the statute was not extended or enlarged by Laws 1908, c. 506, relating to betting and bookmaking at race tracks; that chapter simply having applied the gambling laws to gambling at race tracks as well as elsewhere.

Habeas corpus by the people of the state of New York, on the relation of George Sterling against the sheriff of Nassau county. Hearing on demurrer to the return. Relator discharged.

John B. Stanchfield, for relator.
Franklin A. Coles, Dist. Atty., for defendant.

GAYNOR, J. That every judge of the Supreme Court is obliged to issue the writ of habeas corpus on application, whether he wishes to or not, and is subjected by statute to a severe penalty for refusing, is in itself a reason why members of the bar should not apply for it except in a case of necessity, lest the writ be abused. It does not seem to me that it was necessary to invoke the writ in this case, for it is quite inconceivable that a magistrate would rule that the information against the relator states facts which constitute a crime, and hold him for trial.

The charge against the relator is that he violated section ·351 of the Penal Code by making a bet with another upon the result of a game of golf about to be played between them, and recorded or registered the said bet on a card. This was no crime. "Ordinary betting has never been made a crime." People v. Stedeker, 175 N. Y. 57, 62, 67 N. E. 132. The law has never descended to thrusting its nose into the personal conduct of men and women to that extent, and those who try to make out that it has only tend to create a disrespect for it. In the administration of the laws no one should set himself up as better or stricter than the laws. No law can be enforced except by public opinion, and wise legislators never pass a law which lacks public opinion in its favor. Such laws are dead letters, except as they are stirred up from time to time by the few among us who delight in meddling with the conduct of others, or to levy blackmail. The community sheds them as a snake sheds its skin. All that the last Legislature did in respect of the gambling laws was to make them apply inside of a race track the same as outside. It in no other way extended or added to the said laws. Laws 1908, c. 506. As to the writing of a memorandum of the bet on a card by the relator, it is enough to say that section 351 of the Penal Code is confined in plain terms to

the case of persons who engage in the recording or registering of the bets of all comers as a practice or business. That is common gambling, or aiding and abetting common gambling, which the law does not tolerate. The difference between it and ordinary betting is too plain to call for words. An ordinary bet is not a crime, whether made in your parlor, or on a golf links or a race track, nor is the making of a note or memorandum thereof; but if you hold yourself out to bet and bet with all comers, or generally, or become the general recorder of such bets, or of bets between others, you are guilty of a crime.

The relator is discharged.